Judge Wood
delivered the opinion of the court:
To make a good plea, it must be: 1. Direct and positive, and not argumentative. 2. It must be single, and contain but one matter, because duplicity begets contusion. 3. It must have convenient certainty of time, place, and persons. 4. It must be so pleaded as to be capable of trial. 5. It must answer the plaintiff’s allegations in every material point. 3 Bl. Com. 308.
Try this plea by these rules. The defendant denies that three *104 thousand dollars came to his hands, as assets, but does uot deny that a less sum, and sufficient to pay the plaintiff's judgment, came to his hands. The plea, then, has not that certainty which the law requires. It does not answer the plaintiff’s allegations in every material point. It is not a sufficient answer for the defendant to say, I did not receive three thousand dollars, but he must aver that no part of that sum came to his hands; for he is as much liable under this sci. fa. for any amount which came to his hands, as for the gross sum stated.
It is a rule of the common law, that the plea should not be double. It is a rule, says Chitty, founded on principle. It would be vexatious and unnecessary to put the opposite party to litigate and prove two points, where one would be sufficient to establish the matter in issue; and although the statute permits several pleas, there is no authority for putting several distinct matters in the same plea.
This plea avers: 1. That the defendant has fully administered; 2. That he did not receive the three thousand dollars; and, 3. That he has not wasted the estate. As set forth and embodied in this plea, they are distinct substantive allegations, and the plea is, consequently, bad for duplicity. The demurrer is sustained.